# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

XAY X. AMNATHPHONTHIP,

    Petitioner,

    v.

WARDEN, NORTH CENTRAL
CORRECTIONAL COMPLEX,

    Respondent.

Case No. 2:17-cv-1129
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Motion to Dismiss, Petitioner's Response in Opposition, and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 10) be **GRANTED** and that this action be **DISMISSED.**

Petitioner's request to expand the record with a copy of the transcript of his guilty plea hearing (*see* Response in Opposition, Doc. 13, PAGEID #: 188) is also **DENIED**.

## I. FACTS AND PROCEDURAL HISTORY

On August 15, 2015, Petitioner pleaded guilty in the Franklin County Court of Common Pleas to two counts of conspiracy, in violation of O.R.C. § 2923.01. On September 11, 2015, the trial court imposed an aggregate term of eight years' incarceration. *Judgment Entry* (Doc. 9, PAGEID #: 68). Petitioner did not file a timely appeal. On May 2, 2016, he filed a Notice of Appeal and motion for a delayed appeal. (PAGEID #: 71, 73). As cause for his untimely filing, Petitioner stated that his attorney failed to inform him that he could appeal his sentence, and that he was under the "reasonable belief upon meeting with a representative from the Ohio Public

Defender's Office at the Ohio Correctional Reception Center, that they were going to file my appeal." (PAGEID #: 75). In that filing, Petitioner stated that he learned, in the first week of April 2016, that the Ohio Public Defender had not filed the appeal. (PAGEID #: 93). On June 28, 2016, the appellate court denied the motion for a delayed appeal. (PAGEID #: 88). On September 27, 2016, the appellate court denied Petitioner's motion for reconsideration. (PAGEID #: 104). Nearly a year later, on July 24, 2017, Petitioner filed a motion for a delayed appeal with the Ohio Supreme Court. (PAGEID #: 147). Petitioner stated that his limited English abilities prevented him from filing a timely appeal. (PAGEID #: 148). On September 13, 2017, the Ohio Supreme Court denied the motion for a delayed appeal. (PAGEID #: 156). Meanwhile, on September 9, 2016, Petitioner pursued a post-conviction petition in the state trial court, asserting that he had been denied the effective assistance of trial counsel, and denied a fair trial due to police and prosecutorial misconduct. (PAGEID #: 107). On August 11, 2017, the trial court denied the post-conviction petition. (PAGEID #: 139). Petitioner did not file an appeal.

On December 21, 2017, Petitioner filed this *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1-1, PAGEID #: 15). He asserts that he was denied due process and equal protection when the state appellate court and Ohio Supreme Court denied his motion for a delayed appeal, and that he did not make a knowing, intelligent, or voluntary plea because he pleaded guilty without the assistance of an interpreter (claim one); and that he was denied the effective assistance of trial counsel because his attorney failed to obtain an interpreter, failed to explain the ramifications of his guilty plea, failed to contact defense witnesses or present a defense, failed to file a timely appeal, and failed to provide Petitioner with a copy of the case file (claim two). Respondent argues that this action should be dismissed as procedurally defaulted.

## II. DISCUSSION

### A. Statute of Limitations

The Undersigned concludes that Petitioner's claims are time barred.

*1. Standard*

Although Respondent has not raised a statute of limitations defense, the Court may *sua sponte* do so. *See Rembert v. Wainwright*, No. 2:18-cv-188, 2018 WL 1887264, at *1 (S.D. Ohio April 20, 2018) (noting that the court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition) (citing *Day v. McDonough*, 547 U.S. 198 (2006); *Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017)). The standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this case and provide:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

*2. Application*

Here, Petitioner claims that he was not advised of his right to appeal and that the appellate court improperly denied his motion for a delayed appeal. Where a defendant is not advised of his right to appeal, the statute of limitations may not begin to run on a claim that the state appellate court improperly denied a motion for delayed appeal until the date on which the state appellate court denies the motion for delayed appeal. *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006). Moreover, claims that relate to events that occurred at the time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D) if the petitioner acted in a reasonably diligent manner in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.
>
> *Wims*, 225 F.3d [186, ]190 [(2d Cir. 2000)]. . . .
>
> [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing].
>
> *Wims*, 225 F.3d at 190–91 (citing *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000) (taking into account "the realities of the prison system" in determining due diligence)).

4

*Id.* at 470–71.

Importantly, the "petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id.* at 471 (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)). The Court construes *DiCenzi v. Rose* in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of the petitioner's exercise of due diligence. *See Shorter v. Richard*, 659 F. App'x 227, 230 (6th Cir. 2016) ("By its terms, section 2244(d)(1)(D) 'requires diligence.'") (citing *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013)). "The Supreme Court has cautioned against reading this requirement 'out of the statute.'" *Id.* (citing *Johnson*, 544 U.S. at 310). Thus, a petition will not be deemed timely where a petitioner fails to act with reasonable diligence. *See Hysell v. Warden*, No. 2:16-cv-00139, 2016 WL 6165986, at *3 (S.D. Ohio Oct. 24, 2016) (citations omitted).

"Applying *DiCenzi* and *Johnson*, Petitioner must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact." *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 734 (N.D. Ohio July 10, 2009) ("A person in Petitioner's position exercising due diligence would have acted much sooner, seeking out his rights and remedies rather than waiting [more than two and one half years after his conviction] for a law clerk ... to '[notice] that [he] was never informed of his right to appeal[.]'"); *see also Yavari v. Wolfe*, No. 2:07-cv-480, 2008 WL 2078061, at *7 (S.D. Ohio May 13, 2008) (Petitioner failed to establish that he acted diligently in learning about his right to appeal by waiting two years to file a motion for a delayed appeal). Lack of actual notice and "ignorance of the law, even for an incarcerated *pro se*

5

petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999). "Courts in this Circuit have recognized that when a petitioner has access to retained counsel, due diligence requires that he ask his counsel about his appellate rights. A period not greater than 90 days is a reasonable amount of time in which to inquire of counsel." *Baker v. Wilson*, No. 5:06-cv-1547, 2009 WL 313325, at *1 (N.D. Ohio Feb. 6, 2009) (citing *Ramos v. Wilson*, 1:06-cv-901, 2008 WL 2556725 (N.D. Ohio 2008)).

Here, on August 18, 2015, Petitioner signed an Entry of Guilty Plea indicating that he understood his right to appeal within thirty days of the filing of the judgment of conviction. (Doc. 9, PAGEID #: 67). Further, he states that he learned in the first week of April 2016, that the public defender had not filed the appeal. (PAGEID #: 93). Even construing the running of the statute of limitations in the light most favorable to Petitioner, the limitations period began to run on June 28, 2016, when the appellate court denied Petitioner's motion for a delayed appeal.

Petitioner, however, waited well over one year, until December 21, 2017, to file this habeas corpus Petition.[1] (Doc. 1, PAGEID #: 15). Thus, it is untimely. Petitioner provides no reason for this delay. Further, the record does not indicate that Petitioner acted diligently in pursuing relief. He waited more than seven months after the trial court imposed his sentence before filing his

---

[1] Petitioner executed the Petition on November 20, 2017. (Doc. 1-1, PAGEID #: 29). But even using that date, the Petition was too late.

motion for a delayed appeal on May 2, 2016. He waited more than one year after the appellate court's June 28, 2016, denial of the motion for a delayed appeal to file a motion for delayed appeal with the Ohio Supreme Court. Further, although he claims that this delay was caused due to his unfamiliarity with the English language, the record does not support this allegation. Attorney Gallick, who represented Petitioner in post conviction proceedings, indicated in his November 30, 2016, motion to withdraw as counsel as follows:

> I was initially told by a member of Defendant's family that Defendant was not a citizen and that he did not have a translator w[hich] created a misunderstanding due to Defendant's language comprehension.
>
> After being retained, I visited Defendant in prison and also obtained the plea and sentencing transcript. *After doing so, I learned that Defendant is a citizen, speaks English, and had a translator for his plea and sentencing hearing.*

(Doc. 9, PAGEID #: 137 (emphasis added)). Additionally, the record does not reflect that Petitioner's purported language barrier prevented him from accessing the state courts. To the contrary, Petitioner filed various *pro se* pleadings in the state courts prior to the filing of his motion for a delayed appeal in the Ohio Supreme Court. On July 11, 2016, he filed a motion for reconsideration (PAGEID #: 91); on September 9, 2016, he filed a petition to vacate or set aside judgment (PAGEID #: 107); and an October 21, 2017, he filed a Reply to the government's response to the post conviction petition (PAGEID #: 126). Thus, the Court is not persuaded that the record establishes either that Petitioner acted diligently or that this action is timely under *DiCenzi v. Rose*, 452 F.3d at 465.

The record likewise does not reflect that some extraordinary circumstance prevented Petitioner's timely filing so as to warrant equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (To obtain equitable tolling of the statute of limitations, a litigant must establish that he has diligently pursued relief and that some extraordinary

7

circumstance prevented his timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling of the statute of limitations is granted sparingly in habeas cases. *See Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). Further, the petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, however, courts are much less forgiving. *Id.*; *Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). Further,

> where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, the lack of proficiency is insufficient to justify equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

As discussed, the record does not reflect that Petitioner's lack of proficiency in English prevented him from accessing the courts, and "the mere inability to understand English is not itself sufficient to warrant equitable tolling." *Levy v. Osborne*, No. 1:10-0005, 2013 WL 3877816, at *3 (M.D. Tenn. July 26, 2013) (citing *Perez v. Florida*, 2013 WL 2319827 at *2 (11th Cir. May 28, 2013)).

In sum, the record does not demonstrate that Petitioner acted with diligence or that an extraordinary circumstance prevented his timely filing. Accordingly, Petitioner is not entitled to the equitable tolling of the statute of limitations, and this action is time-barred.

8

**B. Procedural Default**

In addition, Petitioner has procedurally defaulted the claims he now presents for relief.

*1. Standard*

Through AEDPA, Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). A petitioner must overcome several procedural barriers, however, "before a federal habeas court will review the merits of a petition for a writ of federal habeas corpus." *Smith v. Gansheimer*, No. 508CV2805, 2010 WL 3894030, at *7 (N.D. Ohio Aug. 31, 2010), *adopted by*, No. 508CV2805, 2010 WL 3894025 (N.D. Ohio Sept. 27, 2010). One such procedural barrier requires a state criminal defendant with federal constitutional claims to present those claims to the state courts for consideration before raising those claims in federal court. *See* 28 U.S.C. § 2254(b),(c). Indeed, "[w]hen a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review." *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87 (1977); *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)).

Put another way, a claim may become procedurally defaulted in two ways. "First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court." *Gansheimer*, 2010 WL 3894030, at *7 (citing *Coleman v. Thompson*, 501 U.S. 722, 748 (1991)). In this instance, courts follow the four-prong

test set out in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine whether a petitioner's failure to observe such state procedural rule constitutes procedural default:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." [*Maupin*, 785 F.2d] at 138 (citations omitted). "Second, the court must decide whether the state courts actually enforced the state procedural sanction." *Id.* (citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 729–30(1991). Third, the state procedural forfeiture must be an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if these three prerequisites are met, "the petitioner must demonstrate under *Sykes* that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Id.* (citing in part *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).

*Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007). The fourth prong makes clear that a petitioner can overcome procedural default by showing cause and prejudice. Cause under this test "must be something external to the petitioner, something that cannot fairly be attributed to him[, i.e.,] ... some factor external to the defense [that] impeded [ ] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. Of note, the "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level and to the failure to appeal at all. *Id.* at 750.

Petitioner may also procedurally default a claim by failing to raise it in state court and pursue it through the state's "ordinary appellate review procedures." *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) ("The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not "fairly presented" to the state courts.") (citing *Franklin v. Rose*, 811 F.2d 322, 324–25 (6th Cir. 1987) ); *see also Wright v. Lazaroff*, 643 F. Supp. 2d 971, 985 (S.D. Ohio 2009) ("A

constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.").

Importantly, even if a petitioner's claim is procedurally defaulted, he may nonetheless obtain review of his claims if he can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (holding that if a claim is procedurally defaulted, it must not be considered unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent.") (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). The fundamental miscarriage of justice exception requires a showing that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

2. *Application*

In claim one, Petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary because he does not speak English, did not understand the law, and was pressured into entering a guilty plea. In claim two, Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to secure a certified interpreter, did not explain the guilty plea process, failed to contact defense witnesses or present any defense to the charges, failed to provide Petitioner with a copy of the case file, and failed to file a timely appeal. To the extent that these claims rely on matters that are readily apparent from the face of the record, such issues would properly be raised on direct appeal; however, as discussed, Petitioner did not file a timely appeal of the trial court's September 17, 2015, Judgment Entry of sentence, and on June 28, 2016, the

appellate court denied his motion for a delayed appeal. Further, Petitioner thereafter again failed to file a timely appeal, and the Ohio Supreme Court denied his motion for a delayed appeal.

Considering all of this, the Court concludes that Petitioner has waived his on-the-record claims for review in these proceedings. The appellate court's denial of Petitioner's motion for a delayed appeal under the provision of Rule 5(A) of the Ohio Rules of Appellate Procedure constitutes an adequate and independent state ground for denying relief, and his failure to seek promptly a delayed appeal of his judgment entry of sentence constitutes a procedural default of his claims. *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011); *Whitson v. Clipper*, No. 1:14-cv-2718, 2015 WL 3905104, at *3 (N.D. Ohio June 25, 2015). Likewise, the Ohio Supreme Court's denial of the motion for a delayed appeal constitutes a procedural default of Petitioner's underlying claims for relief. *See Smith v. State of Ohio Dept. of Rehab. and Corr.*, 463 F.3d 426, 431–32 (6th Cir. 2006) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)); *Depinet v. Bunting*, No. 3:14-cv-1366, 2015 WL 5675076, at *6–7 (N.D. Ohio Sept. 25, 2015) (citations omitted).

As for any off-the-record claims raised by Petitioner, he has waived these claims by failing to file a timely appeal of the trial court's decision denying his petition for post conviction relief. He may now no longer do so because Ohio does not permit delayed appeals in post conviction proceedings. The United States Court of Appeals for the Sixth Circuit has held that this is an adequate and independent ground on which to deny relief. *See Nesser v. Wolfe*, 370 F. App'x 665, 670 (6th Cir. 2010) (citing *Stojetz v. Ishee*, 389 F. Supp. 2d 858, 885-86 (S.D. Ohio 2005), citing *State v. Nichols*, 463 N.E.2d 375, 378 (1984)); *see also Brown v. Clipper*, No. 5:14-cv-1406, 2016 WL 5173331, at *23 (N.D. Ohio March 8, 2016) (enforcing procedural default based on the failure to file a timely appeal from trial court's denial of petition for post conviction relief).

Further, the record does not reflect that Petitioner can establish cause and prejudice for his procedural defaults. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[,] '. . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule.'" *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488). It is Petitioner's burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla*, 370 F.3d at 498. Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).

As cause for his untimely filing in the Ohio Court of Appeals, Petitioner states that his attorney failed to inform him that he could appeal his sentence and the trial court did not appoint appellate counsel on his behalf. More specifically, Petitioner asserts that, after meeting with a representative from the Ohio Public Defender's Office at the Ohio Correctional Reception Center, Petitioner thought that the public defender would be filing an appeal. *Affidavit of Xay X. Amnathphonthip* (Doc. 9, PAGEID #: 75.) Petitioner also claims that he filed the motion for a delayed appeal after he learned that no appeal had been filed. (*Id.*) Even assuming, *arguendo*, that Petitioner could establish cause for his failure to timely appeal, he has failed to establish cause for his untimely appeal to the Ohio Supreme Court. In his motion for a delayed appeal to the Ohio Supreme Court, Petitioner stated that his limited English abilities kept him from filing a timely appeal. (*Id.* at PAGEID #: 148). However, "courts have held that language barriers and unfamiliarity with the legal system are not external factors sufficient to excuse procedural default." *Sanchez v. Hetzel*, No. 1:11-cv-940-TMH, 2014 WL 1491178, at *4 (M.D. Ala. April 15, 2014)

(citing *Vazquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988)) (*pro se* and language barrier insufficient to excuse procedural default); *Bonilla*, 370 F.3d at 498 ("[U]nfamiliarity with the English language" is not "external to [his] defense[.]"); *Silva v. Oregon*, 2009 WL 4505445, at *6 (D. Or. Dec. 2, 2009) (holding that an inability to speak English not an "objective factor amounting to cause"); *Fabian v. Herbert*, 2003 WL 173910 at *4 (S.D.N.Y. Jan. 23, 2003) (inability to speak or comprehend English insufficient to overcome procedural bar); *Weeks v. Bowersox*, 106 F.3d 248, 250 (8th Cir. 1997) (holding that illiteracy is insufficient to excuse default); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."). Moreover, as discussed, the record does not support Petitioner's allegation that he was unable to access the courts or prevented from filing a timely appeal in the Ohio Supreme Court due to his unfamiliarity with the English language.

One final point. The United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495–96). A free-standing claim of actual innocence does not provide a basis for federal habeas relief absent a separate constitutional violation. *See Legrone v. Birkett*, 571 F. App'x 417, 421 (6th Cir. 2014) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). However, the United States Supreme Court has also held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [a petitioner's] constitutional claims." *Schlup*, 513 U.S. at 326–27. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural

default." *Murray*, 477 U.S. at 496. In *Schlup*, the Supreme Court held that a credible showing of actual innocence was sufficient to authorize a federal court in reaching the merits of an otherwise procedurally-barred habeas petition. *Id*. at 317. However, a claim of actual innocence is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id*. at 315 (quoting *Herrera*, 506 U.S. at 404).

The actual innocence exception to procedural default allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence—*i.e*., evidence not previously presented at trial—would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). Petitioner does not meet these standards here. Stated differently, after an independent review of the record, the Court does not deem this to be so extraordinary a case as to relieve petitioner of his procedural default.

## IV. CONCLUSION

For the reasons that follow, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 10) be **GRANTED** and that this action be **DISMISSED**.

Further, Petitioner's request to expand the record with a copy of the transcript of his guilty plea hearing (*see* Response in Opposition, Doc. 13, PAGEID #: 188) is **DENIED** because the transcript is not necessary for disposition of this matter.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


Date: July 26, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE