# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Xay X. Amnathphonthip,

Petitioner,

v.

Case No. 2:17-cv-1129

Warden, North Central
Correctional Complex,

Judge Michael H. Watson

Magistrate Judge Jolson

Respondent.

## OPINION AND ORDER

On July 26, 2018, the Magistrate Judge issued an Order and Report and Recommendation, denying Petitioner's request to expand the record, and recommending that Respondent's motion to dismiss, ECF No. 10, be granted and that this action be dismissed. ECF No. 15. Petitioner has filed an Objection. ECF No. 16. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objection, ECF No. 16, is **OVERRULED**. The Order and Report and Recommendation, ECF No. 15, is **ADOPTED** and **AFFIRMED**. Respondent's motion to dismiss, ECF No. 10, is **GRANTED**. Petitioner's request to expand the record with a copy of the transcript of his guilty plea hearing is **DENIED**. This action is hereby **DISMISSED**.

Petitioner challenges his September 2015, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on two counts of

conspiracy, in violation of Ohio Revised Code § 2923.01. He first asserts in his petition that he was denied due process and equal protection when the state appellate court and Ohio Supreme Court denied his motion for a delayed appeal, and that he did not make a knowing, intelligent, or voluntary plea because he pleaded guilty without the assistance of an interpreter. He also alleges that he was denied the effective assistance of trial counsel because his attorney failed to obtain an interpreter, failed to explain the ramifications of his guilty plea, failed to contact defense witnesses or present a defense, failed to file a timely appeal, and failed to provide Petitioner with a copy of the case file. The Magistrate Judge recommended dismissal of these claims as time-barred and procedurally defaulted.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action and raises all of the same arguments he previously presented. He also asserts that he is actually innocent, and that his transfer between prison facilities impeded his timely filing. He requests expansion of the record with a copy of the transcript of his guilty plea hearing.

However, as discussed by the Magistrate Judge, the record indicates that Petitioner failed to act diligently in pursuing relief. He waited more than seven months after the trial court imposed the sentence to file a motion for a delayed appeal. He waited more than one year after the appellate court's June 28, 2016, denial of his motion for a delayed appeal to file a motion for delayed appeal with the Ohio Supreme Court. Further, construing the statute of limitations in the light

most favorable to the Petitioner, it began to run, at the latest, on June 28, 2016, when the appellate court denied his motion for a delayed appeal. *See DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006). Petitioner nonetheless waited well over a year, until November 20, 2017, to execute this Petition, but offers no evidence to explain that delay. Moreover, Petitioner has procedurally defaulted the claims he now presents for relief by failing to timely appeal, and by failing to file a timely appeal to the Ohio Supreme Court. He has failed to establish cause for this procedural default.

Likewise, Plaintiff's assertion of actual innocence fails to provide him relief. Actual innocence can be a basis for equitable tolling of the statute of limitations when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005); *Knickerbocker v. Wolfenbarger,* 212 F. App'x 426, 431–32 (6th Cir. 2007); *Stoker v. Watson*, 184 F. App'x 496, 497 (6th Cir. 2006); *Bolton v. Berghuis*, 164 F. App'x 543, 549–50 (6th Cir. 2006)). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991, at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). "Where the defendant pleaded guilty (as in the instant case), and therefore did not have the

evidence in his case evaluated by a jury, the standard nevertheless remains the same—*i.e.*, the petitioner still must show that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Lucidore v. New York, State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted)); *see also Rosario v. United States*, 164 F.3d 729, 733 (2d Cir. 1998) (applying actual innocence standard of reasonable juror to guilty plea, citing), *cert. denied*, 527 U.S. 1012 (1999); *Saylor v. Mack*, 27 F. App'x 321 (6th Cir. 2001) (requiring new evidence to support claim of actual innocence after entry of guilty plea). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousley*, 523 U.S. at 623. The fundamental miscarriage of justice exception also permits a merits review of claims that have otherwise been procedurally defaulted, *see Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013). The exception requires a showing that, in light of new evidence, no juror, acting reasonably, would have voted to find the Petitioner guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

The Petitioner must overcome a high hurdle in order to establish his actual innocence. As the Sixth Circuit explained,

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new

> facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 .... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" Id. at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter*, at 589-90 (footnote omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at 327). Petitioner does not refer to any credible evidence of actual innocence and has provided no new reliable evidence supporting his claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling, or that his procedurally defaulted claims may nonetheless be addressed on the merits under this exception.

Consideration of the transcript of Petitioner's guilty plea hearing will not assist him.

For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's Order and Report and Recommendation, Petitioner's Objection, ECF No. 16, is **OVERRULED**. The Order and Report and Recommendation, ECF No. 15, is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss, ECF No. 10, is **GRANTED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. See 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Upon review of the record, this Court is not persuaded that reasonable jurists could debate whether petitioner's claims should have been resolved differently or that jurists of reason would find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**